IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>ANDREA R. EVANS,<br><br>               Defendant. | 8:09CR309<br><br>MEMORANDUM AND ORDER |

This matter is before the court for initial review of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") filed by the defendant, Andrea R. Evans (Filing No. 47). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of the defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

On January 4, 2010, Evans entered a plea of guilty to the one-count Indictment charging her with conspiracy to distribute and possess with intent to distribute more than 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 846. Her statutory term of imprisonment was 10 years to life imprisonment. Her plea agreement negotiated under Federal Rule of Criminal Procedure 11(c)(1)(B) included provisions regarding: cooperation; an agreement that she should be held responsible for 285.75 grams of actual methamphetamine, converted, resulting in base offense level 34; and a waiver of her right to appeal from her conviction. Her plea petition and her statement at

her change of plea hearing indicated her satisfaction with her attorney, James M. Davis. (Filing No. 29, ¶ 5; Filing No. 31, at 7.)  With the application of the safety valve provision, Evans's sentencing guideline range was 87-108 months.  On April 5, 2010, Evans was sentenced to 87 months imprisonment and 5 years supervised release. Evans did not appeal her sentence.

On October 4, 2012, Evans filed her § 2255 motion, alleging two grounds described as "retroactive application of case on collateral review – Supreme Court decision."  In her statement of ground one, she cited to *Missouri v. Frye*, 132 S. Ct. 1399 (2012),[1] and in her statement of ground two she cited to *Lafler v. Cooper*, 132 S. Ct. 1376 (2012)[2].  Evans's statement of supporting facts for both grounds one and two merely stated: Defendant was denied her 6th [A]mendment right to effective assistance of counsel."  (Filing No. 47, at 5, 6.)

## DISCUSSION

---

[1] In deciding *Frye* on March 21, 2012, the Supreme Court held "that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."  *Frye*, 132 S. Ct. at 1408.  The Court also determined that, assuming counsel fails to communicate favorable plea offers, in order to show prejudice a defendant "must demonstrate a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time."  *Id*. at 1409.

[2] In deciding *Cooper* on the same date as *Frye*, the Supreme Court held that where an attorney's ineffective advice leads to a defendant's rejection of a plea offer and the alleged prejudice is having to go to trial, a defendant must show:

> that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court . . ., that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe that under the judgment and sentence that in fact were imposed.

*Cooper*, 132 S. Ct. at 1385.

### I.  *Timeliness*

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Evans stated that she did not file her § 2255 motion earlier because the cited Supreme Court decisions were not decided until March 21, 2012. Therefore, she appears to rely on § 2255(f)(3) in construing March 21, 2012, as the date from which her one-year statute of limitations runs.

Whether *Frye* and *Cooper* support the application of § 2255(f)(3) has not yet specifically been considered by the Eighth Circuit Court of Appeals. However, the Honorable Richard G. Kopf addressed the issue in deciding *United States v. Cooper*, No. 4:08CR3090, __ F. Supp. 2d __, 2012 WL 3860564 (D. Neb. Sept. 5, 2012). Judge Kopf concluded that Cooper's argument was foreclosed and he could not rely on §

3

2255(f)(3) because for decades the Eighth Circuit Court of Appeals has considered *Strickland v. Washington*, 466 U.S. 668 (2012) as it applies to claims of ineffective assistance of counsel with respect to accepted plea bargains. *Cooper*, 2012 3860564, at *3. The Court agrees with Judge Kopf's reasoning, which applies here. Evans's plea agreement was accepted, and therefore she appears to argue that the terms of her accepted agreement were not negotiated to her satisfaction. Evans may not rely on § 2255(f)(3). Absent a later triggering date under subsections (2)-(4) above, the one-year period for filing a § 2255 motion begins to run on the date the challenged judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review. Because Evans did not appeal her sentence, her judgment became final when the time for filing a notice of appeal expired on April 24, 2010.[3] One year later the statute of limitations expired on or about April 24, 2011. Evans filed her § 2255 motion on October 4, 2012, well after the expiration of the limitations period. Evans did not argue for the invocation of the equitable tolling doctrine, even assuming the doctrine were found to apply in the § 2255 context. See *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009). In summary, Evans's § 2255 motion is untimely.

## II.   Merits

Even assuming, for the sake of argument, that Evans's motion could be considered timely, the Court would be unable to consider her claims on the merits. She failed to include any factual bases for her arguments. She merely stated that she had been denied her Sixth Amendment right to effective assistance of counsel and cited to

---

[3] In calculating the deadline, the Court applied the three-day mailing rule. Fed. R. App. P. 26(c).

*Frye* and *Cooper*. Neither case appears relevant, as *Frye* involved plea offers that were not communicated and expired and *Cooper* related to counsel's advice to reject a plea offer and proceed to trial. Evans has not alleged that a previous plea offer was not communicated to her, and her case did not involve rejection of a plea offer and a subsequent trial. Therefore, even if her case were to proceed for a consideration of the merits on initial review, in light of the grounds raised the record clearly shows that she is not entitled to relief.

Accordingly,

IT IS ORDERED:

1. The Court has completed its initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 47);

2. The claims raised in the Defendant's § 2255 motion are summarily denied;

3. A separate Judgment will be entered; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at her last known address.

Dated this 18th day of October, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge